398 F.2d 1022
 Herbert BRAASCH, on behalf of himself and all other stockholders of Fifth Avenue Coach Lines, Inc., Plaintiff-Appellee, and
Fifth Avenue Coach Lines Inc., Plaintiff,
v.
Victor MUSCAT et al., Defendants,
Thomas A. Bolan, Defendant-Appellant,
Fifth Avenue Coach Lines, Inc., Appellant.
 No. 438.
 Docket 32119.
 United States Court of Appeals Second Circuit.
 Argued March 21, 1968.
 Decided August 6, 1968.
 
 Myron J. Greene, New York City (Millard & Greene and Shirley R. Levittan, New York City, on the brief), for appellants Bolan and Fifth Avenue Coach Lines, Inc.
 Burton L. Knapp, New York City (Knapp & Berson and George C. Levin, Saul S. Cohen, New York City, on the brief), for plaintiff-appellee.
 Before FRIENDLY, HAYS and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from an order entered by Judge Palmieri in a derivative action brought in the Southern District of New York, appointing a "Special Fiscal Agent" to supervise disbursements of Fifth Avenue Coach Lines, Inc., pending the trial of the action, which charged the defendants with fraudulent acts in violation of the federal securities laws. A month after this action was commenced a second action, SEC v. Fifth Avenue Coach Lines, Inc., D.C., 289 F.Supp. 3, was brought in the Southern District alleging violations by the same defendants of the federal securities laws. The second action has been tried and decided by Judge McLean, whose opinion was filed July 26, 1968. That decision calls for the appointment of a receiver. The opinion also says, "There is no need to duplicate expense. The court has conferred with Judge Palmieri who authorizes the court to state that upon appointment of a receiver, he will vacate his order in the Braasch case appointing the Special Fiscal Agent."
 
 
 2
 At the time this court heard oral arguments on the present appeal sufficient safeguards for the protection of the interests of all parties were provided by Judge Palmieri's order, as modified by Judge Friendly's ruling on appellants' application for a stay, and the appeal was therefore, permitted to lie fallow, pending Judge McLean's decision in the S.E.C. action. With the appointment of a receiver, the interim protective arrangements are no longer necessary and the orders implementing them may be vacated.
 
 
 3
 Accordingly the case is remanded to the District Court for appropriate action.